UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BRETT AMARAL,**

          Plaintiff,

          v.

**UNITED STATES OF AMERICA,**

          Defendant.

Case No. 1:21-mc-00041 (TNM)

## MEMORANDUM OPINION

The Drug Enforcement Agency seized, then forfeited, $118,763.00 from Brett Amaral. He moved this Court to set aside the forfeiture under 18 U.S.C. § 983(e), arguing the Government failed to provide him adequate notice of its administrative forfeiture proceedings. *See* Mot. to Set Aside Administrative Forfeiture (Amaral's Mot.), ECF No. 1.  The Government voluntarily rescinded the disputed declaration of forfeiture.  It now moves to dismiss Amaral's motion or transfer the case elsewhere.  *See* Memo. in Support of Mot. to Dismiss ("Mot. to Dismiss"), ECF No. 14-1.  Considering the parties' submissions, the Court finds this dispute is moot and therefore must be dismissed for lack of subject-matter jurisdiction.

### I.

Amaral was arrested during a traffic stop.  At the arrest, officers from the Westport, Massachusetts Police Department seized $118,763.00 from Amaral's vehicle and from a hotel room he had rented nearby.  *See* Rashid Decl. 2, ECF No. 14-2.  The DEA later obtained a federal search warrant and seized the currency.  *Id.*  The DEA tried to notify Amaral of the seizure by mailing several notices to his known addresses and by posting a notice on

Forfeiture.gov. *See id.* at 3–7; *see also* 19 U.S.C. § 1607(a) (requiring publication of notice of seizure and intention to forfeit); 18 U.S.C. § 983(a)(1)(A) (providing notice requirements for nonjudicial forfeiture); 28 C.F.R. § 8.9 (establishing regulations governing notice of nonjudicial forfeiture). When Amaral did not object, the DEA administratively forfeited the currency and issued a Declaration of Forfeiture. *See* Mot. to Dismiss, Ex. 27.

Amaral apparently never received those notices. That's because from November 2017 until July 2020 he was incarcerated in Massachusetts on unrelated state armed robbery charges. Amaral's Mot. 1–2. After discovering the DEA had forfeited the currency, Amaral filed his Motion to Set Aside Administrative Forfeiture under 18 U.S.C. § 983(e). The DEA then voluntarily rescinded its initial Declaration of Forfeiture, *see* Mot. to Dismiss, Ex. 28 (Rescindment of Declaration of Forfeiture), and reinitiated administrative forfeiture proceedings, *see id.*, Ex. 29 (Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings). The DEA told Amaral he could contest this second forfeiture in two ways: (1) petition for remission or mitigation with the DEA's Forfeiture Counsel; and/or (2) file a "claim" to obtain judicial review of the forfeiture. *See id.*, Ex. 29 at 1–2. Amaral chose only path (1)— he timely petitioned for remission/mitigation, *see id.*, Ex. 32, which the DEA considered and denied, *see id.*, Ex. 35 (Petition Denial).

Shortly later, the Government moved to dismiss this case. It says the Court lacks subject-matter jurisdiction over Amaral's motion because he failed to file a timely claim challenging the administrative forfeiture, Mot. to Dismiss 9, and because the DEA's voluntary rescission of the first Declaration of Forfeiture moots the controversy, *id.* at 10. Alternatively, the Government argues the case should be dismissed for improper venue or else transferred to the District of

Massachusetts. *Id.* at 12–15. The parties have submitted responsive briefing and the motion is ripe for resolution.

## II.

A defendant may seek dismissal of a civil action on grounds that the Court lacks subject-matter jurisdiction to resolve the plaintiff's claims. *See* FED. R. CIV. P. 12(b)(1). As the plaintiff, Amaral bears the burden of establishing the Court has jurisdiction to hear his motion. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). To that end, the Court accepts as true any well-pled factual allegations in Amaral's motion, *see Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007), and will draw any reasonable inferences from those facts in his favor, *see Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008).

Federal courts have limited jurisdiction. To invoke that jurisdiction, a plaintiff must establish the "irreducible constitutional minimum of standing"—an injury-in-fact traceable to the defendant's conduct and likely redressable by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). That requirement persists throughout litigation, meaning the "personal interest that must exist at the commencement of the litigation [] must continue throughout its existence." *Arizonans for Off. Eng v. Arizona*, 520 U.S. 43, 68 n.22 (1997). When "events have so transpired that [a favorable] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," a case becomes moot. *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990). And "[w]hen a case is moot, a federal court is without jurisdiction to decide it." *Mittleman v. Postal Regul. Comm'n*, 757 F.3d 300, 303 (D.C. Cir. 2014).

### III.

The question before this Court is thus whether a favorable decision could provide Amaral the relief he seeks in his § 983(e) motion. The answer to that question depends on two factors: (1) the relief available to a § 983(e) movant and, (2) whether Amaral has already obtained that relief. The Court considers each in turn.

*First*, the scope of relief Amaral could obtain. Section 983(e) authorizes "[a]ny person entitled to written notice in [a] nonjudicial civil forfeiture proceeding" to "file a motion to set aside a declaration of forfeiture." 18 U.S.C. § 983(e)(1). Federal courts are directed to grant such a motion if "(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; *and* (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." *Id.* (emphasis added). If those two conditions are satisfied, "the court shall set aside the declaration of forfeiture as to the interest of the moving party." *Id.* § 983(e)(2)(A). But that remedy is "without prejudice to the right of the Government to commence a subsequent forfeiture proceeding." *Id.* Even if the applicable statute of limitations has run, the Government may reinitiate nonjudicial—administrative—forfeiture proceedings "within 60 days of the entry of the order granting the motion." *Id.* § 983(e)(2)(B)(i).

*Second*, whether Amaral has already obtained that relief. Amaral filed this motion to contest the Government's March 2018 Declaration of Forfeiture. He asked "that the administrative forfeiture of [his] funds [be] set aside." Proposed Order, ECF No. 4. Soon after, the Government voluntarily rescinded the Declaration of Forfeiture and reinitiated administrative proceedings with proper notice to Amaral. That is, the Government "set aside the declaration of forfeiture as to the interest of the moving party." *Id.* § 983(e)(2)(A). Amaral then received a

4

new notice directing him to file a petition for remission/mitigation, to file a claim, or to file both—the standard avenues for relief in a properly-noticed nonjudicial forfeiture proceeding. *See id.* § 983(a)(2); 28 C.F.R. §§ 8.10, 9. Amaral was thus put in exactly the same position he would have been in had this Court granted his § 983(e) motion and entered his proposed order. So a favorable decision "will neither presently affect [Amaral's] rights nor have a more-than-speculative chance of affecting them in the future." *Clarke*, 915 F.2d at 701; *see also* 13B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3533.2 (3d ed. 2021) (listing as an example of mootness a case in which "the defendant . . . undertakes independent action that seems to accord complete relief"). The action is straightforwardly moot.

In reaching this conclusion, the Court follows clear Circuit precedent. Consider *Mittleman*. In that case, plaintiffs challenged the proposed closure of certain U.S. Post Offices as violating mandatory statutory protocols. *Mittleman*, 757 F.3d at 302–03; *see also* 39 U.S.C. § 404 (establishing procedural requirements). The D.C. Circuit held one subset of plaintiffs' claims was moot because the Postal Service "had decided to keep [one] office open, albeit with reduced hours." *Id.* at 303. That action had "the practical effect of rescinding [the USPS's] 2011 decision to close." *Id.* (cleaned up). The plaintiffs therefore "received all the relief they sought [and] their petition [was] moot." *Id.* Just the same here—the DEA's voluntary rescission of the 2018 Declaration of Forfeiture afforded Amaral "all the relief" he sought. So here, as in *Mittleman*, the action must be dismissed as moot for lack of subject-matter jurisdiction.[1] *See id.*

Amaral's Opposition fails to mention the Government's mootness argument. *See* Opp'n to Mot. to Dismiss, ECF No. 15. "[I]f a party files an opposition to a motion and therein

---

[1] Because the Court finds it lacks subject-matter jurisdiction to adjudicate Amaral's motion, it will not reach the Government's alternative arguments over venue. *See BYD Co. Ltd. v. All. For Am. Mfg.*, — F. Supp. 3d —, 2021 WL 3472386, at *4, n.3 (D.D.C. Aug. 6, 2021).

addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014); *see also Harris v. CitiMortgage, Inc.*, 878 F. Supp. 2d 154, 163 (D.D.C.2012) ("Because this response fails to address defendants' assertions, it concedes them."); *Day v. D.C. Dep't of Cons'r & Regul. Affs.*, 191 F. Supp. 2d 154, 159 (D.D.C.2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded." (cleaned up)). By failing to respond to the Government's mootness argument, Amaral has conceded the point. That concession alone is fatal to his motion.

### IV.

The parties spend a significant portion of their briefing discussing whether Amaral's failure to file a claim in the *second* administrative forfeiture deprives this Court of subject-matter jurisdiction to review that proceeding. The Court will not address those arguments. Amaral filed just one motion seeking to set aside the 2018 forfeiture; he has not filed another motion challenging the more-recent forfeiture proceeding nor has he sought leave to amend his original motion. *Cf.* FED. R. CIV. P. 15(a)(2) (authorizing a party to "amend its pleading" with "the court's leave"). This Opinion therefore does not address the merits of any challenge Amaral might raise about the more-recent forfeiture.

That said, the Court notes that failure to file a claim usually precludes judicial review in this Circuit. *See, e.g.*, *Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C. Cir. 2009) ("Having waived its opportunity for judicial forfeiture proceedings during the administrative process, [a § 983(e) movant] may not now attempt to correct its choice of remedy in federal court."). Should Amaral challenge the DEA's more-recent forfeiture he will likely run headlong into that unfavorable precedent.

## V.

For these reasons, the Defendant's Motion to Dismiss will be granted. The Defendant's alternative Motion to Transfer will be denied as moot. Plaintiff's Motion to Set Aside Forfeiture will be dismissed without prejudice for lack of subject-matter jurisdiction. A separate order will issue.

Dated: November 1, 2021                                         TREVOR N. McFADDEN, U.S.D.J.